UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-01936-DOC (JDEx) | Date | September 22, 2025 |
|---|---|---|---|
| Title | Ana Rogel v. SF Markets LLC, et al. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Amber Rodriguez | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**      (In Chambers) Order Denying Proposed Protective Order [Dkt. 7]

On September 22, 2025, the parties filed a "Confidentiality Stipulated and [Proposed] Protective Order" (Dkt. 7, "Proposed Protective Order" or "PPO"). The Proposed Protective Order suffers from several defects. What follows is not an exhaustive list of the defects.

First, the Proposed Protective Order does not set forth a factual basis, particular to this case, demonstrating good cause to support a protective order. Any request for a protective order must be supported by good cause tied to the facts of the case, and the parties have not done so here. See Fed. R. Civ. P. 26(c)(1).

Second, the Proposed Protective Order sets forth procedures for presenting disputes regarding the designation of material as "confidential" and disputes over access to such material that are inconsistent with the detailed procedures set forth in Local Rule 37.1, et seq. that govern the procedures for discovery-related motion practice. See PPO ¶¶ 4(b), 7. Any future proposed protective order shall not seek to alter the procedures set forth in the Local Rules regarding discovery motion practice.

Third, the Proposed Protective Order purports to require parties to "ensure" that documents designated as "confidential" "are properly filed under seal." See PPO ¶ 11. Under the Local Rules of this Court, the mere fact that information has been designated as confidential under a protective order does not authorize, by itself, an under seal filing. See, e.g., Local Rule 79-5.2.2 (a)(1). Any future proposed protective order and shall contain an acknowledgment by the parties that they understand and agree that the mere designation of items as "confidential" does not, of itself, authorize an under seal filing, with the parties further reciting their agreement to comply with the procedures set forth in Local Rule 79-5 et seq. for requests to file materials under seal.

Fourth, the Proposed Protective Order by implication bars parties from producing designated materials that have been subpoenaed or ordered produced by other courts or lawful

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-01936-DOC (JDEx) | Date | September 22, 2025 |
|---|---|---|---|
| Title | Ana Rogel v. SF Markets LLC, et al. | | |

authorities. See PPO ¶¶ 5, 8. The Court will not approve any proposed protective order that directly or by implication appears to authorize parties to ignore or fail to comply with an order issued by another court or other lawful process.

Fifth, the Proposed Protective Order states that use of "confidential information" at Court hearings and trial is subject, in part, to "the California Rules of Evidence." PPO, ¶ 10. The parties are reminded that the Federal Rules of Evidence, not the California Rules of Evidence, would govern the admissibility of evidence at trial. Further, as the standards for sealing material for non-dispositive matters differ from those for dispositive motions/trials, any proposed confidential protective order will only govern discovery and pretrial matters and will not govern trial; handling of such materials at trial will be at the sole discretion of the trial judge.

Sixth, designation of material as "confidential" under any protective order shall be conducted with care to only designate such materials, or portions thereof, deserving of protection. Thus, it would be a rare instance in which the entirety of a deposition transcript would be subject to protection. See PPO ¶ 3.

Seventh, the parties are reminded that discovery-related matters are referred to the assigned magistrate judge and a word-processing copy of any proposed order should be delivered to the chambers email of the appropriate judge. See Dkt. 14 at VII; ; C.D. Cal. General Order No. 05-07; C.D. Cal. Local Civil Rules 5-1, 5-4.4.1, and 5-4.4.2.

For the foregoing reasons, the Proposed Protective Order (Dkt. 7) is DENIED without prejudice to the parties submitting a new stipulation and proposed protective order consistent with the foregoing, with a word version of the full stipulation and proposed order submitted to the Chambers email of the assigned magistrate judge as required by the Local Rules. The parties are directed to the Procedures and Schedules page of the assigned Magistrate Judge for a copy of a model protective order, which the parties may, but are not required, to use as a model.

IT IS SO ORDERED.

| | Initials of Clerk | ARO |
|---|---|---|